IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THOMAS WELVAERT, § | |
| (TDCJ-CID #1594768) § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-14-1638 |
| § | |
| JUDGE STEVE SMITH, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM ON DISMISSAL

**I.  Background**

Thomas Welvaert, a Texas Department of Criminal Justice inmate, sued in June 2014, alleging civil rights violations resulting from a denial of due process. Welvaert, proceeding pro se and in forma pauperis, sues Steve Smith, Judge of the 361st Judicial District Court of Brazos County, Texas; Marc Hamlin, District Clerk of Brazos County; and John Brick, Assistant District Attorney of Brazos County.

Welvaert asserts that on May 28, 2010, he filed two applications for state post-conviction relief. (Cause Numbers 06-05802-CRF-361-A & 09-00536-CRF-361-A). Welvaert complains that the named defendants failed to transmit his state applications to the Texas Court of Criminal Appeals as required by law. Welvaert argues that the defendants should have forwarded his state applications within thirty-five days of receipt. Welvaert states that on September 6, 2012, he filed a petition for a writ of mandamus to compel the defendants to transmit his state applications, and on September 20, 2012, Marc Hamlin did so.

Welvaert seeks punitive damages of $13,500,000.00; compensatory damages of

$1,500,000.00; and nominal damages of $1,200,000.00.

## II.   Discussion

Federal courts may dismiss a claim filed *in forma pauperis* (IFP) "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The statute mandates dismissal of a prisoner's IFP case if the complaint is found to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dismissal of an action is appropriate when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell*, 981 F.2d at 256. In section 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993)(citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)). Although the governing period of limitations is determined by reference to state law, the accrual of a cause of action under section 1983 is determined by reference to federal law. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Under the federal standard, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999)(quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). The plaintiff must be in possession of "critical facts" which indicate that he has been hurt and that the defendants were responsible for the injury. *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir.), *cert. denied*, 506 U.S. 820 (1992). A plaintiff need not realize that a legal cause of action exists, but must know

the facts that would support a claim. *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995).

The Texas period of limitations for personal injury actions is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2001). Welvaert's claim clearly arose from the events of May and June, 2010. Welvaert did not file this suit until June 12, 2014, almost two years after limitations had run.

The statute of limitations bars the plaintiff from asserting his civil rights claims against the named defendants. Welvaert's claims are dismissed under 28 U.S.C. § 1915(e). *Ali v. Higgs,* 892 F.2d 438 (5th Cir. 1990).

### III. Conclusion

The action filed by Thomas Welvaert (TDCJ-CID Inmate #1594768) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2).

The TDCJ-CID shall deduct twenty percent of each deposit made to plaintiff's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on _____ Oct 17, 2014.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE